## NEW YORK GRAPE SUGAR CO. *v.* AMERICAN GRAPE SUGAR CO. *et al.*

(*Circuit Court, N. D. New York.* May 26, 1890.)

PATENTS FOR INVENTIONS—INFRINGEMENT—ACCOUNTING FOR PROFITS.

An interlocutory decree, after finding an infringement of plaintiff's patents by defendant corporation, directed the master to take an account of the profits which had arisen or accrued to the corporation thereby; and on suggestion that the individual defendants were all the stockholders and officers of such corporation, and might, under the guise of a new name and form of a new corporation, continue to infringe, the decree further directed the master to also take an account of profits that had accrued to such individual defendants over and above the profits of the corporation. *Held*, that the decree did not direct an accounting of profits arising from infringements by other previously existing corporations, in which defendants were stockholders, or by corporations which had previously been formed in good faith, and not for the purpose of evading the decree, though defendants were controlling stockholders therein.

In Equity.

*Esek Cowen* and *F. H. Platt*, for plaintiff.

*John R. Bennett* and *John G. Milburn*, for defendants.

SHIPMAN, J. The matters in issue upon this hearing arise upon the admissibility of testimony which has been offered upon the accounting, which has been objected to by the defendants, and which has been certified by the master for the opinion of the court. The history of the patents is detailed in 18 Fed. Rep. 638, and 24 Fed. Rep. 604. The

four Hamlins, who were co-defendants in the *American Co. Case*, were the officers and all the stockholders of said company. The defendants were charged with a joint infringement of five patents in one and the same factory. The interlocutory decree, after finding an infringement by the corporation of three patents, directed the master to take an account of the profits which the defendant company received, or which have arisen or accrued to it, "and which have accrued to the other defendants, over and above, and not part of and distinct from, the profits of the defendant corporation by reason of any infringement by said defendants." This direction was inserted for two reasons—*First*, because it was suggested that the Hamlins, being all the stockholders and officers of the corporation, might have been able to obtain for themselves profits from the use of the patented process, and the consequent business of the company, which did not manifestly appear upon its books; and, *secondly*, because of the suggestion that these four individual defendants could, after the interlocutory decree, take the shield of some other name, and, under the guise and form of a new corporation, of which they were the real and sole owners and managers, continue to direct an infringement, and to infringe the patents; and it was urged that a decree for an accounting simply by the corporation would be inoperative.

It now appears that, during the period of the infringement by the American Company, the Hamlins were the controlling, though not the only, stockholders in two other corporations in other states which own glucose factories, and that, before the date of the decree, the stockholders in all these Hamlin corporations and their Buffalo competitor and rival, the Fermenich Company, had formed a new corporation, called the "American Glucose Company," which became the owner of substantially the entire property and plants of the old corporations, the Hamlins owning three-fourths, and the Fermenich stockholders owning one-fourth, of the stock of the new company. This was really a new company, and not a mere reappearance of the American Grape Sugar Company under another name, and was established in good faith, and not to evade the decree. Since its organization, it has bought three other glucose factories in which the Hamlins had no interest. The Hamlins are officers of the glucose company. The plaintiff has made inquiries in the accounting to ascertain whether the Peoria and the Glucose Companies have infringed, for the purpose of subsequently ascertaining the profits which the Hamlins made as stockholders of said infringing corporations, and claims the right to compel an accounting by the individual defendants of the profits which they may have received, as managing officers and stockholders of other corporations than the American Grape Sugar Company, by reason of the infringement by such corporations so under the direction of the Hamlins, of the patents in suit. These questions were objected to, and have been certified by the master.

The interlocutory decree intended that an accounting should be had of the profits which had accrued to the American Grape Sugar Company by reason of its infringement, and of other and distinct profits which had accrued to the Hamlins, who were the managers and all the stockholders

of said corporation, by reason of its said infringement, or which should, before the close of the accounting, accrue to them by reason of an infringement of the same patent by these individuals under the cover of some other name, or under the guise of a new corporation; but it was not intended to direct an accounting of profits arising from infringements by other previously existing corporations, like the Peoria Company, in which the Hamlins were stockholders, or in corporations which had previously been formed in good faith, and not for the purpose of evading the obligations or terms of the decree, although in such corporations the Hamlins were controlling stockholders. In the opinion of the court, the questions which have been certified by the master are inadmissible.