## DAVEY TREE EXPERT CO. et al. v. FROST & BARTLETT CO. et al.

(District Court, D. Connecticut. July 17, 1924.)

No. 1439.

**Patents ⊜322—Scope of accounting under consent decree.**

Where a bill alleged joint infringment by a corporation and an individual defendant, an accounting under a consent decree finding infringement by the individual defendant *held* to include an accounting for profits made by the corporation, but not to include an accounting by another corporation organized after the suit was commenced, of which the individual defendant was president, but which was not mentioned in the pleadings or decree.

In Equity. Suit by the Davey Tree Expert Company and others against the Frost & Bartlett Company and others. On review of order of special master and motion to dismiss accounting. Order reversed, and motion to dismiss denied.

Dean, Fairbank, Obrieght & Hirsch, of New York City, for plaintiffs.

Kenyon & Kenyon, of New York City, for defendants.

THOMAS, District Judge. In December, 1915, the Davey Tree Expert Company filed a bill against the Frost & Bartlett Company and Francis A. Bartlett and Martin Davis, individually, to enjoin the infringement of letters patent No. 958,478, covering a process of sectional fillings in tree surgery, and to obtain an accounting of profits and damages derived from such infringement. Subsequent to the filing of this bill, the Davey patent was held valid in Davey Tree Expert Co. v. Easton (D. C.) 283 Fed. 840. Thereafter, on April 13, 1920, an interlocutory decree was entered by consent of the parties, the Davey Tree Expert Company and Francis A. Bartlett, which reads as follows:

### "Interlocutory Decree.

"And now, to wit, on the 13th day of April, 1920, upon the agreement and consent of counsel for plaintiffs and for the defendant, Francis A. Bartlett, and subject to the stipulations and conditions contained herein it is ordered, adjudged, and decreed that the letters patent in plaintiff's bill mentioned, to wit, No. 958,478, granted May 17, 1910, to Wellington E. Davey, for process of reinforcing trees, are good and valid as to claims 1, 2, 3, 4, 5, and 8 thereof; that the plaintiff, the Davey Tree Expert Company is the owner of the exclusive right, title, and interest in and to said letters patent No. 958,478, and the defendant Francis A. Bartlett has infringed said claims 1, 2, 3, 4, 5, and 8 of said patent No. 958,478, and has violated the exclusive rights of the plaintiffs thereunder; that the said plaintiffs do recover of the said defendant the gains and profits by him made and the damages sustained by the plaintiffs by reason of such infringement, and that this cause be referred to Bernard E. Lynch, Esq., as master, to ascertain the amount of such gains and profits and of the damages sustained by the said plaintiffs by reason of such infringement; and further, that a writ of injunction according to the prayer of the bill, be issued under the seal of this court, restraining and enjoining the said defendant Francis A. Bartlett, his clerks, attorneys, servants, agents, and workmen, from any further use in any manner of the methods and processes of treating trees or the live branches thereof embodying or containing the inventions described and claimed in claims 1, 2, 3, 4, 5, and 8 of patent No. 958,478 and from any further infringement of said claims and of the exclusive rights of the plaintiffs thereunder."

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

No proceedings for an accounting were taken by the plaintiff until January, 1922. The plaintiff claims that this delay of about 1 year and 9 months was due to the prosecution of suits against other infringers of this patent. At the accounting before the special master, the defendant Francis A. Bartlett was ordered to produce the books of the Francis A. Bartlett Company, a corporation organized in 1916, of which he was president, and it is by reason of this order that the present question arises. Mr. Bartlett contends that in the accounting the acts of the Francis A. Bartlett Company and the profits derived by it from any infringement of the Davey patent are not to be considered. The defendant further claims that this is also true of the acts as well as the profits of the Frost & Bartlett Company. The special master found that these corporations, to wit, the Frost & Bartlett Company and F. A. Bartlett Company, were agents of Francis A. Bartlett, their president.

As previously stated, the reference to the special master was pursuant to the consent decree entered April 13, 1920. Regarding the effect of such decrees, Judge Hough, speaking for the Circuit Court of Appeals, in Hodgson v. Vroom, 266 Fed. 267, said on page 268:

"The nature of consent decrees and something of their history are learnedly set forth by Hammond J., in Kelly v. Milan (C. C.) 21 Fed. 862 et seq. (the affirmance of this case in 127 U. S. 139, 8 Sup. Ct. 1101, 32 L. Ed. 97, does not touch this point). The distinction between a decree in common form and a consent decree is the difference between a consent to submit a case to the court for decision and a consent as to what the decision shall be. When there is a consent as to what the decision shall be, the decree is a 'mere agreement of the parties under the sanction of the court, and is to be interpreted as an agreement.'"

To the same effect, see, also, Wilson v. Haber Bros., Inc. (C. C. A.) 275 Fed. 346.

In New York Grape Sugar Co. v. American Grape Sugar Co. (C. C.) 42 Fed. 455, an interlocutory decree, finding infringement of a patent owned by the plaintiff in that case, was entered against the defendant corporation and certain of its officers and stockholders. The interlocutory decree directed the master to take an accounting of the profits which the defendant company received, "and which have accrued to the other defendants, over and above, and not part of and distinct from, the profits of the defendant corporation by reason of any infringement by said defendants." At the time the decree was entered, the other defendants mentioned, four brothers named Hamlin, controlled another corporation, and it was sought to have the brothers account for the profits derived by that other corporation. The court considered the reasons for having the decree in this form, and decided that it was not intended by this decree to have an accounting of the profits of the other corporation which the Hamlins controlled.

Though the facts in that case and the form of the decree are somewhat different from the present case, it appears that the circumstances surrounding the entry of the decree must be considered in determining the scope of an accounting taken pursuant to it, and this is especially true of a consent decree, which, as stated in Hodgson v. Vroom, supra, must be construed as an agreement of the parties. The bill of com-

plaint filed by the plaintiff alleged infringement by the Frost & Bartlett Company and Francis A. Bartlett jointly and severally. After the filing of this bill in 1915, the Francis A. Bartlett Company was organized. Some four years elapsed between the formation of the Francis A. Bartlett Company and the entry of the interlocutory decree in 1920. At no time during that period did the plaintiff seek to have the Francis A. Bartlett Company joined as a defendant, nor does it appear that, at the time the consent decree was entered, any mention was made of that corporation.

I therefore conclude that an accounting of the profits derived by the Francis A. Bartlett Company was not contemplated, and that the order of the special master requiring the defendant Francis A. Bartlett to produce the books of that corporation must be reversed. As to the Frost & Bartlett Company the order must be affirmed. The bill alleged infringement by the Frost & Bartlett Company and Francis A. Bartlett jointly, and it seems that when the decree was entered it was intended to include all the infringements by Francis A. Bartlett that were alleged in the complaint, including those to which the Frost & Bartlett Company was a party.

The defendants also move that the entire accounting be dismissed, because of laches and certain inequitable conduct on the part of the plaintiff. The alleged laches consist in the delay in prosecuting the accounting. In answer to this, plaintiff has shown, as an excuse, that the intervening period was taken up with the prosecution of other infringers of its patents. I therefore conclude that there was not such laches as to justify a dismissal of the accounting, nor do the alleged acts of unfair competition of the plaintiff justify that ruling, although I am not to be understood as placing the seal of approval on such conduct, inasmuch as there is now pending in the superior court for the state of Connecticut an action against the Davey Tree Expert Company, based on the same conduct of that corporation as forms the basis of defendant's petition to dismiss the accounting.

The order of the special master as to the production of the books of the Francis A. Bartlett Company is reversed, and as to the Frost & Bartlett Company and Francis A. Bartlett it is affirmed. The motion to dismiss is denied.

Decree accordingly.